UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NICOLE M., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01262-TAB-TWP |
| | ) |
| ANDREW M. SAUL Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S
BRIEF IN SUPPORT OF APPEAL**

**I.     Introduction**

Plaintiff Nicole M. appeals the Social Security Administration's denial of her application for disability insurance benefits. Plaintiff argues that the Administrative Law Judge's conclusions that Plaintiff did not meet or equal Listing 14.02 and that Plaintiff could sustain the standing and walking requirements of light work are not supported by substantial evidence. Plaintiff also argues that the ALJ did not properly accommodate for limitations due to migraine headaches in her Residual Functional Capacity, despite concluding that her migraines were a severe impairment. Finally, Plaintiff claims that the ALJ's assessment of her daily activities was "inconsistent with the law and regulations." [Filing No. 16, at ECF p. 16.] However, careful review of the ALJ's decision indicates that it was supported by substantial evidence. The ALJ reasonably concluded that Plaintiff remained capable of performing light work, despite her limitations. Many of Plaintiff's arguments ask the court to re-weigh the evidence, which the Court cannot do. Therefore, Plaintiff's request for remand [Filing No. 16] is denied.

**II.     Background**

The SSA denied Plaintiff's claim for disability and disability insurance benefits initially and upon reconsideration.  Following a hearing, the ALJ determined that Plaintiff was not disabled.  The ALJ considered Plaintiff's claim for benefits according to 20 C.F.R. § 404.1520(a).  First, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2022.  Subsequently, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 27, 2017, the alleged onset date.  At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, facet arthritis, and spondylosis of lumbar spine; degenerative disc disease of the thoracic spine; degenerative disc disease and stenosis of cervical spine with radiculopathy; neuropathy and weakness of extremities; stenosis of carotid artery; migraine and tension headaches; occipital neuralgia; periodic headache syndrome; cervicogenic headache; history of vertigo; systemic lupus erythematosus; antiphospholipid antibody syndrome; and fibromyalgia.  [Filing No. 14-2, at ECF p. 14.]

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Before reaching step four, the ALL found that Plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), except:

> [Plaintiff can] lift, push, pull and carry 20 pounds occasionally and ten pounds frequently, sit six hours of an eight hour workday and stand and walk, in combination, for six hours of an eight hour workday.  No foot control operation.  Never climb ladders, ropes, and scaffolds.  Occasionally balance, kneel, stoop, crouch, crawl, and climb ramps and stairs.  With either upper extremity, only frequent reaching in front, laterally, and overhead.  No exposure to unprotected

heights and dangerous moving machinery.  Limited to no work outdoors in the sunlight.  Limited to simple, routine, tangible, and repetitive work.

[Filing No. 14-2, at ECF p. 16-17.]

Next, at step four, the ALJ determined that Plaintiff is unable to perform any past relevant work.  The ALJ also noted that Plaintiff was 46 years old, which is defined as a younger individual, on the alleged disability onset date, has at least a high school education, and is able to communicate in English.  [Filing No. 14-2, at ECF p. 20.]  Finally, at step five, the ALJ found, considering Plaintiff's age, education, work experience, and RFC, that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, specifically: routing clerk, marking clerk, and inspector.  [Filing No. 14-2, at ECF p. 20-21.]  The ALJ concluded that Plaintiff was not disabled.

**III.     Discussion**

Plaintiff argues that the ALJ: erroneously concluded Plaintiff did not meet or equal Listing 14.02; erroneously concluded Plaintiff could sustain the standing and walking requirements of light work; failed to accommodate for limitations due to migraine headaches in her RFC; and incorrectly assessed Plaintiff's daily activities.  The Court reviews the ALJ's decision to determine whether the ALJ's factual findings are supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings . . . shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)).  "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner.  Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets

omitted). Thus, the Court will reverse "only if the record compels a contrary result." *Borovsky v. Holder*, 612 F.3d 917, 921 (7th Cir. 2010) (internal citation and quotation marks omitted).

### A. Listing 14.02

Plaintiff argues that the ALJ's conclusion at step three that Plaintiff did not meet or equal Listing 14.02 is not supported by substantial evidence and is not sufficiently articulated to allow for meaningful review.

> At step three, the ALJ must determine whether the claimant's impairments are severe enough to be presumptively disabling—that is, so severe that they prevent a person from doing any gainful activity and make further inquiry into whether the person can work unnecessary. An impairment is presumptively disabling if it is listed in the relevant regulations' appendix, *see* 20 C.F.R. § 404.1525(a), or if it is medically equivalent to a listing. A medically-equivalent impairment has characteristics at least of equal medical significance to all the specified criteria in a listing. When evaluating whether an impairment is presumptively disabling under a listing, the ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing.

*Jeske v. Saul*, 955 F.3d 583, 588 (7th Cir. 2020) (internal citations and quotation marks omitted).

Listing 14.02 is for systemic lupus erythematosus. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1. To satisfy Listing 14.02, Plaintiff needed to meet certain criteria. Listing 14.02A requires the involvement of two or more organs or body systems; Listing 14.02B requires repeated manifestations of lupus with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss), in addition to one limitation at the marked level in daily activities, maintaining social functioning, or completing tasks in the timely manner. *Id.* The ALJ's decision noted that the ALJ considered this listing and others before concluding that "the substantial evidence of record does not establish any of the sets of criteria for those listings." [Filing No. 14-2, at ECF p. 16.] The ALJ elaborated:

> As discussed below, physical exams have generally been largely negative and have not shown any significant gait abnormalities. Dr. Wang noted that [Plaintiff] was able to hear and understand normal conversational tones. Additionally, as

discussed above, [Plaintiff] does not have more than a moderate limitation in any of the broad areas of mental functioning.

[Filing No. 14-2, at ECF p. 16.]

Plaintiff argues that while the ALJ thoroughly outlined the medical evidence in the record from periods of stability, the ALJ did not address the medical evidence that supports Plaintiff's allegations that she had flare ups of her condition. Plaintiff claimed that she has been documented to have an antalgic or unstable gait and abnormal sensation in her lower extremities on multiple occasions. [Filing No. 16, at ECF p. 17.] However, the majority of the evidence Plaintiff cites in support of this argument is from before the relevant period, when Plaintiff was still working, prior to her alleged disability onset date. [Filing No. 14-7, at ECF p. 7, 31, 79, and 80.] Furthermore, the ALJ did discuss instances in the record where Plaintiff had abnormal gait and sensation. The ALJ noted that Plaintiff was observed to have an unsteady gait and trouble tandem walking at a medical appointment with Dr. Deovrat Singh in August 2018, though no cane use was noted in Dr. Singh's records. [Filing No. 14-2, at ECF p. 18.] However, the ALJ noted that one month later, in September 2018, Dr. Ganesh T. Ghooray's physical exam findings included a normal-based gait and no problems tandem walking, and treatment notes once again did not document any use of a cane. [Filing No. 14-2, at ECF p. 18 (citing Filing No. 14-7, at ECF p. 528).]

Plaintiff failed to make any argument showing how decreased sensation and one instance of an abnormal gait demonstrate that she met or equaled the listing criteria for Listing 14.02. Plaintiff does not identify any medical opinion that she equaled the criteria of Listing 14.02, noted above, or otherwise carry her burden to show harm. *See, e.g., Filus v. Astrue*, 694 F.3d 863, 868 (7th Cir. 2012) ("Because Filus had the burden of establishing that he met all of the

requirements of a listed impairment, the ALJ did not err in finding that he could ambulate effectively." (Internal citations omitted)). Thus, this is not a basis for remand.

B. **Standing and walking requirements**

Next, Plaintiff contends that the ALJ's conclusion that Plaintiff could sustain the standing and walking requirements of light work is not supported by substantial evidence. The ALJ found Plaintiff had the RFC to perform light work, with various limitations, including standing and walking, in combination, for six hours of an eight-hour workday. [Filing No. 14-2, at ECF p. 16.] Plaintiff notes that the ALJ referenced findings indicating she experienced decreased "pin prick sensation," but argues that the ALJ failed to address how that would affect her ability to sustain standing and walking. [Filing No. 16, at ECF p. 18.] Plaintiff claims that decreased pin prick sensation can make a person more likely to be injured or cause them to lose awareness of where their body is in space. However, Plaintiff does not otherwise explain how this finding, which the ALJ did acknowledge, should have supported a different RFC. Plaintiff also refers to her claim that showering and washing her hair made her tired, that she only went grocery shopping with her husband if he was only getting a few things, that she showers less frequently because of fatigue, and that she had to take rests while doing chores around the house. However, as noted below, the ALJ acknowledged these limitations when assessing Plaintiff's activities of daily living.

Plaintiff also takes issue with the weight the ALJ gave to Dr. Mohammad Majid's opinion, and disputes the ALJ's conclusion that she did not need a cane. [Filing No. 16, at ECF p. 18.] The ALJ reasonably agreed with and adopted the medical opinions of the state agency consultants, who opined that Plaintiff could perform a range of light work. [Filing No. 14-2, at ECF p. 18-19.] In contrast, the ALJ discounted the opinion of Plaintiff's physician Dr. Majid,

who opined that Plaintiff had many functional limitations.  [Filing No. 14-2, at ECF p. 19.]  The ALJ gave his opinion only little weight because it "consists largely of check-the-box items on a preprinted form with little to no supporting explanation."  [Filing No. 14-2, at ECF p. 19.]  Moreover, while Dr. Majid had treated Plaintiff, the ALJ found his opinions generally inconsistent with and unsupported by the evidence, including the generally largely negative physical exam and medical imaging/test findings and Plaintiff's activities of daily living.  It is not the role of the Court to reweigh the evidence.  *See, e.g., Burmester*, 920 F.3d at 510.  Plaintiff has not demonstrated that the ALJ failed to take Dr. Majid's opinion into account; rather, Plaintiff disputes the weight given to his opinion.  Since the ALJ provided sufficient reasoning for his treatment of Dr. Majid's opinion, the Court will not disrupt the ALJ's decision.

Furthermore, the ALJ concluded that the record did not "persuasively establish" that a cane is medically necessary.  [Filing No. 14-2, at ECF p. 18.]  In so finding, the ALJ summarized Plaintiff's testimony that she uses a cane to walk and had been using it for six to eight months, and that a provider observed Plaintiff with an unsteady gait and trouble tandem walking at a medical appointment in August 2018.  However, the ALJ noted that no cane use was noted at that appointment, and physical exam findings from Dr. Ghooray's appointment one month later included a normal based gait and no problems tandem walking, and his treatment notes also did not document any cane use.  [Filing No. 14-2, at ECF p. 18.]  In Plaintiff's reply brief, she concedes that the vocational expert testified that there were jobs available if Plaintiff had been limited to a sedentary RFC and required a cane.  [Filing No. 19, at ECF p. 3.]  Thus, this argument need not be addressed further.

C.  **Migraines**

Plaintiff next claims the ALJ failed to properly accommodate for limitations due to migraine headaches in her RFC, despite concluding that Plaintiff's migraines were a severe impairment.  Plaintiff reiterates the ALJ's finding that Plaintiff's physicians were unable to find a cause for her headaches and conflates this with a claim that the ALJ found that because there was no known cause, her headaches were less severe.  However, nowhere in the ALJ's decision does the ALJ state that the lack of a root cause finding in relation to Plaintiff's migraines somehow equates to less severe headaches.  The ALJ acknowledged Plaintiff's report of headaches two to three times a week and that medications do not help.  The ALJ also considered the only abnormal objective evidence in the record regarding Plaintiff's headaches—an instance of unsteady gait.  Thus, the ALJ considered the evidence of Plaintiff's headaches and reasonably concluded that the record did not support further limitations beyond the stated RFC of light work, with limitations, including simple, routine, tangible, and repetitive work, and no work outdoors in the sunlight.

While Plaintiff claims the ALJ failed to fully accommodate all limitations due to migraine headaches by accounting for time off task and absenteeism, Plaintiff cites no evidence that would support such a limitation within the RFC analysis.  Plaintiff references a portion of the vocational expert's testimony regarding hypothetical scenarios, but she points to no evidence that the ALJ supposedly ignored.  Moreover, even if there were additional evidence in the record supporting additional limitations, the ALJ was not obligated to implement them.  Instead, the ALJ reasonably reviewed the entirety of Plaintiff's medical records and testimony before determining that Plaintiff remained capable of a range of light work despite her known impairments, including migraines.  So long as the ALJ's findings are supported by substantial

evidence, the Court must uphold the ALJ's decision. *See, e.g., Biestek*, __ U.S. at __, 139 S. Ct. at 1153. Thus, the Court is unpersuaded by Plaintiff's arguments on this issue.

   **D.**  **Assessment of activities of daily living**

  Finally, Plaintiff argues that the ALJ's assessment of her daily activities is inconsistent with the law and regulations. After reviewing all of the evidence, the ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with the medical evidence or other evidence in the record[.]" [Filing No. 14-2, at ECF p. 17.] The ALJ explained this decision by noting that Plaintiff's medical records reflected generally normal physical exam findings and only mild abnormalities on medical imaging. The ALJ also noted that in relation to treatment and medication, although Plaintiff reported using a cane and that she could not afford all of her medical care, nothing in her medical records supported these statements. Her records did not indicate that she discussed the issue of affordable care with her providers or asked about low-cost alternative means of care. And, as noted above, the ALJ concluded that the record did not establish that a cane was medically necessary. In addition, the ALJ considered that Plaintiff's reports of disabling limitations were inconsistent with the medical opinions of both state agency medical consultants, who found despite Plaintiff's impairments that she remained capable of a range of light work. [Filing No. 14-2, at ECF p. 18-19; Filing No. 14-3, at ECF p. 10-11, 24-25.]

  Finally, the ALJ considered Plaintiff's activities of daily living. Plaintiff argues that "[t]here is no evidence that [Plaintiff's] limited activities of daily living is comparable to the ability to sustain competitive work." [Filing No. 16, at ECF p. 21-22.] However, the ALJ did not equate Plaintiff's daily living activities to full time work. Instead, the ALJ appropriately

9

determined that Plaintiff's daily activities, in conjunction with her largely normal medical records and imaging, medication and treatment notes, and the opinion evidence, suggested Plaintiff was not as limited as she claimed. The ALJ summarized Plaintiff's function reports, in which she reported that she is able to do many activities of daily living, including driving, grocery shopping, preparing simple meals, cleaning, and caring for pets, with some limitations and assistance, such as taking frequent rest breaks when cleaning. [Filing No. 14-2, at ECF p. 18.] The ALJ also recapped Plaintiff's hearing testimony:

> At the hearing, [Plaintiff] testified that she does some activities of daily living, such as cleaning and dishes, albeit with some difficulties, but that her husband does the laundry, shopping, and cooking. She also testified that she can independently perform personal care tasks but has difficulty bathing and watches television for several hours during a typical day. Despite claiming that her spells occur "all of a sudden" without warning, [Plaintiff] still drives and drove herself to the May 2017 consultative exam with Dr. [Brandon] Robbins.

[Filing No. 14-2, at ECF p. 18.]

The ALJ was reasonable in finding Plaintiff's continued ability to perform these daily activities, despite her impairments, suggested she was not as limited in functioning as she claimed. *See, e.g., Alvarado v. Colvin*, 836 F.3d 744, 750 (7th Cir. 2014) ("[W]e have cautioned ALJs not to equate [activities of daily living] with the rigorous demands of the workplace. But it is entirely permissible to examine all of the evidence, including a claimant's daily activities, to assess whether testimony about the effects of his impairments was credible or exaggerated." (Internal citations and quotation marks omitted)); *Green v. Saul*, 781 Fed. App'x 522, 546 (7th Cir. 2019) ("ALJs are tasked with reviewing the evidence provided and assessing whether a claimant is exaggerating the effects of her impairments, and reviewing daily-living activities is an important part of that evaluation."). There is no evidence the ALJ overstated Plaintiff's ability

10

to perform daily activities or conflated those activities with her ability to sustain work. Accordingly, the ALJ's assessment is not inconsistent with the law and regulations.

## IV. Conclusion

In sum, the ALJ considered the objective medical evidence, opinions, and Plaintiff's reports regarding her symptoms, and found Plaintiff remained capable of light work. For the reasons discussed above, the ALJ's decision is supported by substantial evidence. Accordingly, Plaintiff's request for remand [Filing No. 16] is denied.

Date: 7/9/2021

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record via email